IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | CIVIL ACTION 09-0089-WS-B |
| BRANDY EDMONDS, | ) ) ) |  |
| Defendant. | ) |  |

**ORDER**

  This action was recently transferred to the docket of the undersigned.  Review of the court file reflects that plaintiff, Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), as subrogee and assignee of its insured, Centerline, Inc., brought this action against defendant, Brandy Edmonds, asserting conversion and other state-law causes of action arising from Edmonds' alleged theft of Centerline corporate assets during the course of her employment as Centerline's office manager.  Penn National alleges that Centerline made a claim under the employee dishonesty coverage in its Penn National insurance policy, as a result of which plaintiff has paid Centerline $150,000 in insurance benefits to date for Edmonds' misconduct, with the specter of additional claims payments to Centerline as this case unfolds.[1]

  Following service of process, Edmonds failed to appear or otherwise defend against the claims joined in this action within the time frame provided by the Federal Rules of Civil Procedure.  On that basis, a Clerk's Entry of Default (doc. 17) was entered against Edmonds on April 28, 2009, pursuant to Rule 55(a), Fed.R.Civ.P.

  Still pending at this time is plaintiff's Motion for Entry of Default Judgment (doc. 13), which was filed a week in advance of the Clerk's Entry of Default.  Review of the Motion

---

  [1] It is unclear why Centerline's insurance claim to Penn National remains open and incomplete at this time.  The Complaint reflects that Centerline discovered Edmonds' alleged illicit activity on or about April 8, 2008, more than one year ago.  Apparently, however, the investigation into the amount of misappropriated funds remains ongoing even now, such that the final amount of Centerline's claim is unknown.

reveals, however, that Penn National is not requesting entry of a default judgment in any particular sum at this time, but is instead asking that "default judgment be entered against Edmonds with the total amount of damages to be determined at a later date to allow Centerline reasonable time to complete its claim to Penn National." (Doc. 14, at 2.) In other words, Penn National's position is that an open-ended default judgment should be entered at this time, in recognition of the fact that Centerline has not yet finalized its claim to Penn National, such that the total amount of the claim (and, hence, the total amount of damages sought by Penn National) remains indeterminate. Penn National cites no authority for this kind of indefinite, "fill-in-the-blank" default judgment, which would appear to lack the specificity and finality generally required by Rule 54. *See, e.g., Minnesota, Dep't of Revenue v. U.S.*, 184 F.3d 725, 726 n.1 (8th Cir. 1999) ("In an action for money, specification of the amount of monetary award generally is an essential element of the judgment."); *Trzcinski v. American Cas. Co.*, 901 F.2d 1429, 1430 (7th Cir. 1990) (judgment that fails to recite the monetary award "is defective because it omits the terms: who pays how much to whom"); *Chaka v. Lane*, 894 F.2d 923, 923-24 (7th Cir. 1990) ("A judgment saying that 'judgment is issued' is not apt; judgments must specify *what* is being done - not *why* something is being done - and a judgment referring only to its own entry is circular."); *Remington Products, Inc. v. North American Philips, Corp.*, 763 F. Supp. 683, 688 (D. Conn. 1991) (noting that "[a] final judgment must reflect the final disposition of the dispute"); Rule 54(a), Fed.R.Civ.P. (providing that a judgment "includes a decree and any order from which an appeal lies"). Furthermore, Penn National fails to identify the time frame in which it anticipates Centerline's claim being completed; thus, it is effectively requesting that a hollow shell of default judgment be entered indefinitely, then revisited at some unspecified future date to add the specifics when Penn National is prepared to present evidence of damages. Such a bifurcated approach to entry of judgment makes little sense, and appears to be an inefficient use of resources, even assuming it to be permissible under the Federal Rules of Civil Procedure.

To facilitate the Court's evaluation of the Motion for Entry of Default Judgment, Penn National is **ordered**, on or before **May 6, 2009**, to file a supplemental submission setting forth plaintiff's best estimate as to when Centerline's insurance claim will be completed. In the same filing, Penn National is **ordered** to **show cause**, with citations to authority as appropriate, why

this action should not be stayed pending the completion of Centerline's insurance claim.[2]

To ensure that Edmonds has proper notice of these default proceedings, the Clerk of Court is **directed** to mail a copy of this Order, Penn National's Motion for Entry of Default Judgment (doc. 13) and the Clerk's Entry of Default (doc. 17) to her via certified mail, return receipt requested, at the following service address: Brandy Edmonds, 15825 Cassidy Drive, Chunchula, AL 36521.  Given her default status, **Edmonds is cautioned that, absent an appearance by her or her representative herein, she is not entitled to receive, and will not be afforded, any further notice concerning plaintiff's ongoing efforts to secure a default judgment against her**.[3]

DONE and ORDERED this 29th day of April, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] If a stay were entered, the Court would lift it when Centerline's insurance claim concludes.  At that time, Penn National would be given an opportunity to submit evidence via written filings or evidentiary hearing to prove its damages by a preponderance of the evidence. *See generally S.E.C. v. Smyth*, 420 F.3d 1225, 1231 & 1232 n.13 (11th Cir. 2005) (where damages are not a sum certain, Federal Rules of Civil Procedure "require[] the district court to hold an evidentiary hearing" on damages except "where all of the essential evidence is already of record"); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (noting that "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters" and that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record"); *Capitol Records v. Carmichael*, 508 F. Supp.2d 1079, 1084 n.4 (S.D. Ala. 2007) ("While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.").

[3] The undersigned recognizes that "courts have generally required some notice to be given to a defendant between the time of service of process and entry of default judgment." *Carmichael*, 508 F. Supp.2d at 1083 n.1 (collecting cases); *see also Atlantic Recording Corp. v. Carter*, 508 F. Supp.2d 1019, 1022 n.1 (S.D. Ala. 2007) (same).  Moreover, the law of this Circuit is clear that "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  By all appearances, Penn National has failed to furnish Edmonds with any notice of its default and default judgment filings.  The mailing specified above cures any such notice defects and alerts Edmonds that default proceedings against her are underway.